OPINION OF THE COURT
Con. G. Cholakis, J.
This action arises out of an automobile accident which occurred when an automobile operated by the deceased plaintiff Donald S. Mason, Sr., was in collision with an automobile which at the time was being pursued by a vehicle operated by the Chief of Police of the defendant village. Following the happening of this accident, the Police Chief, Frank H. McCabe, in the company of another (a member of the New York State Police who was also involved in the incident) consulted with their private attorney concerning the legal implications of the event. Their attorney made notes of this meeting and the plaintiffs have now moved for an order demanding the discovery of these notes. The defendant, Village of Ravena, has cross-moved for a protective order claiming the notes to be privileged.
Without question, the notes, in the first instance, must be considered as privileged (C.PLR 4503). Upon the motion, however, it is shown that a copy of the notes made by the *488 private attorney has been furnished by Police Chief McCabe to the attorneys for the defendant village for use in connection with this action. The issue, accordingly, narrows to the question of whether the privilege has been waived by the communication of the privileged information to a third party (Workman v Boylan Buick, 36 AD2d 978).
It is concluded, that under the peculiar facts of this case, the furnishing of the confidential notes to the attorney for the village is not the type of communication to a third party that will destroy or waive the attorney-client privilege. In reaching this conclusion the court finds that a distinction exists between the instant matter and those cases where the client impliedly waives the privilege by voluntarily disclosing the subject communications (see, e.g., 4 Bender, New York Evidence, § 245.01, subd [2], par [d], cl [i], and cases cited there). The distinction is found in the fact that the notes were furnished to the attorneys for the village only, and this was done in confidence and with the understanding and belief that they would remain confidential. In the circumstances, it is felt that it is immaterial that Chief McCabe was not named as a defendant along with the village and, accordingly, the attorneys representing the village pursuant to insurance contract are not the attorneys of record for Chief McCabe. Clearly, had Chief McCabe been named as a defendant by the plaintiff, his communication of these notes to these same attorneys, who would then be representing him, would be a confidential communication and privileged from discovery.
In short, it is felt that there is such a unity of interest between the defendant village, as employer, and the alleged act of tort-feasor, employee, that the communication must be viewed as one which is privileged, particularly in view of the contractual obligation to defend both of these parties created by the insurance contract.
Accordingly, the plaintiff’s motion for discovery is denied and the cross motion for a protective order granted.